NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DAVID MINOR,

           Petitioner,

      v.

BEVERLY HASTINGS et al.,

           Respondents.

Civil Action No. 13-0558 (JLL)

**MEMORANDUM OPINION**
**NOTICE AND ORDER**

It appearing that:

1. Petitioner filed an application ("Petition") seeking habeas relief pursuant to 28 U.S.C. § 2254. See Docket Entry No. 1. The Clerk docketed the Petition accompanying it with a notation stating that Petitioner failed to prepay his filing fee of $5.00 and omitted to seek in forma pauperis status. See id. However, the record shows that Petitioner submitted his account statement with intent to proceed in this matter in forma pauperis. See Docket Entry No. 1-1. Therefore, being mindful of Petitioner's pro se litigant status, the Court finds it warranted to dispense with unnecessary technicalities and, in light of the information provided in the prison account statement, allow Petitioner to prosecute this matter in forma pauperis. The Court, therefore, now turns to the content of the Petition.

2. In his Petition, Petitioner asserted four Grounds for relief. See Docket Entry No. 1, at 5-10. The first Ground raised challenges based on State v. Gilmore, 103 N.J. 508 (1986), the second Ground alleged prosecutorial misconduct, and the third Ground asserted a claim based on United States v. Wade, 388 U.S. 218 (1967). See Docket Entry No. 1, at

5-8. Petitioner's fourth Ground: (a) alleged that an improperly venued juror was empaneled; but that Ground (b) was accompanied by a parenthetical statement reading, "My appellate lawyer never appealed to Supreme Court. So please disregard this issue. I won't [sic] be raising it." Id. at 10.[1]

3. Since Petitioner commenced a Section 2254 action, the Court is obligated to inform him of his rights, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act, the petitioners challenging the legality of their detention must marshal in one § 2254 application all the arguments they have to collaterally attack that decision and file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). Therefore, Petitioner may now tell the Court how he wants to proceed by choosing one of the following two options: (a) have Petitioner's pending § 2254 application ruled upon as is; or (b) withdraw Petitioner's pending § 2254 application and file one all-inclusive § 2254 application stating all his claims as to the decision he is challenging. If Petitioner chooses option (a), then he will lose his ability to file a second or successive application under § 2254, absent certification by the Court of Appeals and extraordinary circumstances. If he chooses option (b), and his original application was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute

---

[1] The Court presumes that Petitioner was referring to: (a) the appellate counsel representing Petitioner during his post-conviction relief proceedings; (b) the Supreme Court of New Jersey; and (c) Petitioner's intent not to prosecute his fourth Ground due to the lack of complete exhaustion.

2

of limitations will be tolled from the date Petitioner handed Petitioner's original application to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Notice and Order. Thus, if Petitioner's instant § 2254 application was filed within the one-year limitations period, he will have the 45-day response period to draft and file his one all-inclusive § 2254 application.

4. In addition, taking notice of Petitioner's statement accompanying his fourth Ground, the Court finds it warranted to clarify to Petitioner that he may seek stay and abeyance of this matter under the holding of Rhines v. Weber, 544 U.S. 269 (2005). In the event Petitioner applies for and is granted such stay, the Court will direct the Clerk to keep this matter in administrative termination until Petitioner duly exhausts his unexhausted challenges in all levels of the state court. Accord Urcinoli v. Cathel, 546 F.3d 269 (3d Cir. 2008); Salas v. Warren, 2012 U.S. Dist. LEXIS 80014, at *8-9, n.4 (D.N.J. June 8, 2012) (citing case law in support of the proposition that, in an ambiguous scenario, the court shall elect in favor of granting the Rhines stay so to ensure that a petitioner is not disfranchised of his right to litigate all claims the petitioner wishes and entitled to litigate). Correspondingly, Petitioner may now tell the Court if he wishes to seek stay and abeyance or to proceed only with the claims he already exhausted.[2]

5. Finally, since Petitioner's claims asserted thus far appear straight-forward, but the record accrued in the state fora appears extensive, the Court finds it warranted to advance the resolution of this matter by directing Respondents to file Petitioner's state court record in

---

[2] The information as to the availability of the Rhines stay shall not be construed as expressing the Court's opinion as to substantive validity or invalidity of Petitioner's challenges.

the instant matter. In the event a need arises, Respondents would be directed to submit an answer to Petitioner's challenges stating Respondents' legal position, and Petitioner would be allowed to traverse to the same.

IT IS, therefore, on this _18th_ day of _March_, 2013,

ORDERED that Petitioner's implied application to proceed in this matter in forma pauperis is granted; and it is further

ORDERED that Petitioner has 45 days from the entry of this Memorandum Opinion, Notice and Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how Petitioner would like to proceed with regard to his options ensuing from the holding of Mason v. Meyers, 208 F.3d 414; and it is further

ORDERED that Petitioner has 45 days from the entry of this Memorandum Opinion, Notice and Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court whether Petitioner wishes to seek stay and abeyance under the holding of Rhines v. Weber, 544 U.S. 269; and it is further

ORDERED that, in the event the Court receives no letter or other written response signed by Petitioner within 45 days from the entry of this Memorandum Opinion, Notice and Order, the Court will rule on the Petition "as is," addressing only Petitioner's first three Grounds and deeming Petitioner's fourth Ground withdrawn and all other challenges forfeited; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion, Notice and Order upon Respondents by certified mail, return receipt requested and duplicate that service by the means of

electronic delivery upon the Office of the Attorney General for the State of New Jersey.[3] The electronic notice shall state, on the "subject" line, "COUNSEL APPEARANCE AND LIMITED ANSWER REQUIRED"; and it is further

ORDERED that, within 45 days from the date of entry of this Memorandum Opinion, Notice and Order, Respondents shall file a limited answer to the Petition consisting of: (1) all counseled and pro se briefs that Petitioner submitted in a trial-level or appellate court contesting his conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in a trial-level or appellate court relating to the conviction or sentence; (3) all opinions and dispositive orders issued by the state courts in relation to Petitioner's conviction or sentence, be these opinions and orders rendered during direct appellate or post-conviction proceedings; and (4) full transcript of Petitioner's trial, as well as the transcripts of his pre-trial and post-conviction relief hearings, if any such hearings were held; and it is further

ORDERED that the limited answer shall be accompanied by an index of the aforesaid exhibits. The index shall refer to each exhibit by the docket entry of each exhibit, **as these docket entries are made in the instant matter**, not in the state courts; and it is further

ORDERED that Respondents shall file such limited answer and the index of exhibits electronically; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion, Notice and Order upon

---

[3] Such electronic notice shall be emailed to DCJAppellate@njdcj.org and addressed to Mr. Paul H. Heinzel, DAG, Chief, Appellate Bureau.

Petitioner by certified mail, return receipt requested.

_____
Jose L. Linares
United States District Judge

Petitioner by certified mail, return receipt requested.

_____
Jose L. Linares
United States District Judge